IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:16cr47-CWR-LRA

JOHN PATRICK WOODS

MOTION TO SUPPRESS ALL EVIDENCE

***hearing requested***

Comes now Defendant John Patrick Woods and files this Motion to Suppress all Evidence. An evidentiary hearing is requested on this Motion. In support of the Motion, Mr. Woods presents the following:

**I. Introduction and facts.**

The grand jury returned a seven-count Indictment against Mr. Woods on June 28, 2016. The charges are:

Count 1: felon in possession of a firearm;

Count 2: possession of a short-barrel rifle;

Counts 3 – 5: possession of stolen firearms;

Count 6: possession with intent to distribute marijuana; and

Count 7: possession of a firearm in relation to a drug trafficking crime.

The facts pertaining to these charges follow.

The cities of Brandon and Richland, Mississippi each had a warrant for Mr. Woods' arrest. Both warrants pertained to business burglary charges under Mississippi state law. These cities asked for and received help from the United States Marshals Service in locating Mr. Woods and arresting him on the outstanding warrants.

At about 5:15 a.m. on December 30, 2015, officers with the Marshals Service arrived at Mr. Woods' home at 215 Dewitt Street in Jackson, Mississippi. They knocked on the door, Mr. Woods voluntarily came to the door and answered it, and was immediately arrested at the front door without incident. Notwithstanding the fact that Mr. Woods was already safely under arrest, the officers conducted a purported "protective sweep" of his home. This "protective sweep" or search of the home revealed the physical evidence that forms the basis of the seven-count Indictment in this case.

After the arrest, officers took Mr. Woods to the Richland Police Department. According to a Report of Investigation provided in discovery, an officer "explained to WOODS the difference between being cooperative and being helpful." After hearing this explanation, Mr. Woods made self-incriminating statements to the officer. At some time before or after making the statements, he signed a "Statement of Rights" and "Waiver" form. This form was purportedly signed at

10:20 a.m., about five hours and five minutes after his arrest on December 30, 2015.

Through this Motion, Mr. Woods asks the Court to suppress the evidence found in the search of his home. This evidence should be suppressed because the search of his home was unlawful under the Fourth Amendment to the United States Constitution. The self-incriminating statements made about five hours later also should be suppressed because this evidence was fruit of the poisonous tree, i.e., fruit of the illegal search.

## II. Argument.

**A.  Evidence found during the illegal search of Mr. Woods' home should be suppressed.**

"[P]hysical entry of the home is the chief evil against which the ... Fourth Amendment is directed." *Gates v. Tex. Dep't of Protective and Regulatory Serv.*, 537 F.3d 404, 420 (5th Cir. 2008) (citing *United States v. United States Dist. Court*, 407 U.S. 297, 313 (1972)). "Warrantless searches of a person's home are presumptively unreasonable unless the person consents, or unless probable cause and exigent circumstances justify the search." *Gates*, 537 F.3d at 420 (citations omitted). "The Supreme Court has also carved out an exception to the warrant requirement in a few instances when there is a 'special need' that is 'divorced from the State's general interest in law enforcement.'" *Id.* (citations omitted). "[I]t is the government's burden to bring the search within an exception to the warrant

requirement." *United States v. Aguirre*, 664 F.3d 606, 610 (5th Cir. 2011) (citations omitted).

The issue in this case focuses on when a law enforcement officers may lawfully conduct a protective sweep of a residence when a person, such as Mr. Woods, is arrested at the residence pursuant to a valid arrest warrant, but the officers have no search warrant for the home. The seminal case on this issue is *Maryland v. Buie*, 494 U.S. 325 (1990).

The *Buie* Court couched the issue before it as follows: "In this case we must decide what level of justification is required by the Fourth and Fourteenth Amendments before police officers, while effecting the arrest of a suspect in his home pursuant to an arrest warrant, may conduct a warrantless protective sweep of all or part of the premises." *Buie*, 494 U.S. at 327. The Court began by defining the phrase "protective sweep." "A 'protective sweep' is a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others. It is narrowly confined to a cursory visual inspection of those places in which a person might be hiding." *Id*.

Answering this question, the *Buie* Court held

> that the Fourth Amendment would permit the protective sweep undertaken here if the searching officer "possesse[d] a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant[ed]' the officer in believing," … that the area swept harbored an individual posing a danger to the officer or others.

*Buie*, 494 U.S. at 327 (internal citations omitted). Stated another way:

> The Fourth Amendment permits a properly limited protective sweep in conjunction with an in-home arrest when the searching officer possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene. We therefore vacate the judgment below and remand this case to the Court of Appeals of Maryland for further proceedings not inconsistent with this opinion.

*Buie*, 494 U.S. at 337.

Mr. Woods was arrested at the front door of his home. He was immediately taken into custody as soon as the officers encountered him. Discovery does not indicate that the officers had any reasonable belief that any other individuals that posed a danger were in his home. Application of the law stated in *Buie* to the facts of this case indicates that this Court should suppress all of the evidence found in Mr. Woods' home.

**B.  Self-incriminating statements made by Mr. Woods should be suppressed.**

After his illegal arrest on the federal law charges,[1] Mr. Woods made self-incriminating statements while under interrogation at the Richland Police

---

[1] For purposes of this Motion only, Mr. Woods is not contesting that he was legally arrested on the Mississippi state law charges. The focus of this Motion is the illegal arrest and subsequent investigation on the subject federal law charges. He reserves the right to attack the legality of the arrest on the state law charges at a later time.

Department. He was purportedly Mirandized prior to giving the statements. Nevertheless, the statements should be suppressed as fruit of the illegal arrest.

To determine whether a post-*Miranda* statement made after an illegal arrest is admissible in court, "[t]he voluntariness of the statement is a threshold requirement." *Brown v. Illinois*, 422 U.S. 590, 604 (1975). The inquiry is fact specific on a case by case basis. *Id.* at 603. "[t]he burden of showing admissibility rests … on the prosecution." *Id.* at 604.

Following are factors to consider in the analysis:

- Whether a proper *Miranda* warning was given. *Brown*, 422 U.S. at 603.
- "The temporal proximity of the arrest and the confession." *Id.*
- "[T]he presence of intervening circumstances[.]" *Id.* (citation omitted).
- "[T]he purpose and flagrancy of the official misconduct[.]" *Id.* at 604.

The first consideration is whether Mr. Woods was Mirandized. Discovery presented by the prosecution suggests that Mr. Woods was Mirandized before he gave the incriminating statements. That issue will be further explored at the evidentiary hearing on this matter.

The second consideration is the relationship between the time of Mr. Woods' arrest and the time that he made incriminating statements. He was arrested at about 5:15 a.m. and he made the incriminating statements about 5 hours

and five minutes later at 10:20 a.m. This is not a great amount of time, indicating that this factor favors suppressing the confession.

The third consideration is the presence or absence of intervening circumstances. It appears that Mr. Woods was arrested at his home, then immediately transported to the Richland Police Department for interrogation. No known intervening circumstances occurred that broke this sequence of events. Therefore, this factor favors suppression.

The fourth and final consideration is the flagrancy of the officers' conduct. The officers in this case gained the physical evidence against Mr. Woods via an illegal search. This was a flagrant Fourth Amendment violation. To compound matters, when seeking a confession from Mr. Woods an officer "explained to WOODS the difference between being cooperative and being helpful." After hearing this explanation, Mr. Woods made the subject self-incriminating statements. This coercive tactic, combined with the illegal nature of the search for physical evidence, further supports suppressing Mr. Woods' incriminating statements.

Three of the four factors to consider in evaluating whether the self-incriminating statements should be suppressed bode in Mr. Woods' favor. The defense, therefore, asks the Court to suppress the statements.

## II. Conclusion.

WHEREFORE, Defendant John Patrick Woods respectfully asks this Court to grant his Motion to Suppress all Evidence.

Respectfully submitted, this the 20th day of October, 2016.

> S. DENNIS JOINER
> Federal Public Defender
>
> s/ *Jessica N. Bourne*
> **JESSICA N. BOURNE** (MB # 103922)
> Assistant Federal Public Defender
> N. and S. Districts of Mississippi
> 200 S. Lamar St., Suite 200 North
> Jackson, Mississippi 39201
> Telephone: (601)948-4284
> Facsimile: (601)948-5510
> Email: jessica_bourne@fd.org
>
> Attorney for Defendant

## CERTIFICATE OF SERVICE

I, Jessica N. Bourne, certify that on October, 20, 2016, this Motion was filed with the Clerk of the United States District Court for the Southern District of Mississippi, using the electronic case filing system, which in turn sent an electronic copy of this Motion to all attorneys of record in this case.

> s/ *Jessica N. Bourne*
> **JESSICA N. BOURNE**
> Attorney for Defendant